**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR MEDIA AND DEMOCRACY, a Wisconsin non-profit organization located at 520 University Ave., Suite 305, Madison, WI 53703,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE, located at 1111 Constitution Avenue Northwest, Washington, D.C. 20224,<br><br>        Defendant. | Case No. 1:20-cv-01010 |

**CENTER FOR MEDIA AND DEMOCRACY'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE AND FREEDOM OF INFORMATION ACTS**

Plaintiff Center for Media and Democracy ("CMD"), by and through its undersigned attorneys, hereby files this action for declaratory and injunctive relief against the United States Internal Revenue Service ("IRS") alleging as follows:

**INTRODUCTION**

1. The IRS has refused to produce documents in response to CMD's repeated requests for Form 990 tax records for 18 tax-exempt, non-profit organizations ("NPOs"). The IRS's refusal to provide these documents violates both the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA") and the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA").

2. IRS Forms 990 are the agency's primary tool for gathering information about tax-exempt organizations, and they assist the IRS in enforcement of the rules governing the tax-free

status that is granted to NPOs.  They are used to promote compliance and as a means for organizations to share information with the public about their programs.

3. On January 22, 2020, CMD submitted a request pursuant to the FOIA for Forms 990 filed by 18 NPOs.  The FOIA "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  Instead of providing the requested records, however, the IRS claimed that they were "excluded from disclosure in response to a written FOIA request" because (theoretically) they can also be obtained through the agency's "established procedures" governing the disclosure of Forms 990.

4. In fact, CMD had previously requested these same Forms 990 using the IRS's "established procedures," by submitting Form 4506-A to obtain these records in December 2019.  In response, CMD received boilerplate letters from the IRS falsely claiming that each of the organizations did not exist.  This is despite the fact that the status of these organizations as non-profits is widely known, and each can be found in the IRS's own database of tax-exempt organizations.  Moreover, the IRS's initial representation to CMD that these NPOs do not exist directly contradicts statements made later by the IRS in its FOIA response letter, which stated that the Forms 990 for at least some of the cited NPOs were posted on the IRS's own website.

5. The IRS's refusal to produce the agency records requested by CMD on more than one occasion, and its claim that is it relieved from producing Forms 990 in response to CMD's FOIA request simply because it would prefer CMD follow a different procedure for obtaining those records, is arbitrary, capricious, and not in accordance with law in violation of both the APA and the FOIA.

6. CMD has exhausted its administrative remedies, and this action is ripe for judicial review.

**JURISDICTION**

7. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), 702, and 704, and 28 U.S.C. § 1331. Declaratory and injunctive relief are authorized by 5 U.S.C. § 703 and by 28 U.S.C. §§ 2201 and 2202. *See also* Fed. R. Civ. P. 65.

**VENUE**

8. Venue in the District of Columbia is proper under 5 U.S.C. §§ 552(a)(4)(B) and 703, and under 28 U.S.C. § 1391(e).

**PARTIES**

9. Plaintiff CMD is a 501(c)(3) non-profit organized under the laws of the State of Wisconsin, with its operations based in Madison, Wisconsin.

10. Defendant IRS is a federal agency within the meaning of 5 U.S.C. §§ 551, 552(a), and 552(f).

**FACTS**

11. CMD is a nationally recognized, investigative watchdog established in 1993. CMD's team of researchers and lawyers is dedicated to exposing corporate influence and corruption undermining U.S. law and democracy, economic prosperity, and the environment.

12. CMD has won a number of awards and honors for its investigative journalism. Its work seeks to strengthen participatory democracy by investigating and exposing "spin" and propaganda, and by promoting media literacy and citizen journalism.

13. As part of its reporting and investigative work, CMD files hundreds of state and federal public information requests each year, and routinely requests Forms 990 from the IRS.

14. IRS Form 990, "Return of Organization Exempt from Income Tax," is used to assist the IRS in enforcement of the rules governing the tax-free status that is granted to NPOs. Among other information, a Form 990 details a NPO's revenues and expenses, assets and liabilities, and additional information such as compensation paid to executives, unrelated business income, grants made to other organizations, whether the organization engages in lobbying activities, and the stated accomplishments of the organization.

15. According to the IRS, "Form 990 is the IRS' primary tool for gathering information about tax-exempt organizations, educating organizations about tax law requirements and promoting compliance. Organizations also use the Form 990 to share information with the public about their programs. Additionally, most states rely on the Form 990 to perform charitable and other regulatory oversight and to satisfy state income tax filing requirements for organizations claiming exemption from state income tax." (*See Form 990 Resources and Tools*, IRS, https://www.irs.gov/charities-non-profits/form-990-resources-and-tools (last visited Apr. 17, 2020.)

16. Forms 990 are publicly filed documents available for public inspection. The Form 990 is directly analogous to EDGAR filings required to be made by publicly traded corporations by the SEC. In both cases, the information is collected by the government and is meant to be released as a way of making markets more efficient and more transparent.

17. Forms 990 are used by the IRS for enforcement efforts, but it is widely acknowledged that oversight for this vital sector of the economy requires the participation of the public. The U.S. Government Accountability Office ("GAO") has stated that, "while strong governance practices can help ensure that tax-exempt entities operate effectively and with integrity, public availability of key information about the entities – *i.e.*, transparency – can both enhance incentives for ethical and effective operations and support public oversight of tax-exempt entities, while helping to achieve and maintain public trust. Recognizing the importance of transparency for tax-exempt entities, Congress provided for substantial transparency regarding tax-exempt entities by making their Forms 990 publicly available documents, in stark contrast to the strong protections for the privacy of individuals' tax returns." (*See* U.S. Government Accountability Office, *Governance, Transparency, and Oversight Are Critical for Maintaining Public Trust*, GAO-05-561T, April 20, 2005, p. 12, http://www.gao.gov/products/GAO-05-561T.)

18. In another study, GAO stated, "[o]versight relies on the public (including donors, organizations that oversee charities – referred to as 'watchdogs' – and the media), the Internal

Revenue Service (IRS), and states. This combined oversight not only checks compliance with relevant laws, but also guides the public's decisions about donations and stems abuses by charities." (U.S. Government Accountability Office, *"Improvements Possible in Public, IRS, and State Oversight of Charities,"* GAO-02-526, April 30, 2002, p. 1, http://www.gao.gov/products/GAO-02-526.)

***The IRS Failed to Produce Responsive Documents in Response to CMD's Repeated Requests for Forms 990 for 18 Tax-Exempt Organizations***

19. In December 2019, CMD used IRS Form 4506-A to request from the IRS copies of the 2018 Form 990 series returns for the following 18 tax-exempt organizations:

    a. Freedom Partners Chamber of Commerce;

    b. Searle Freedom Trust;

    c. Mercer Family Foundation;

    d. Donors Capital Fund;

    e. Donors Trust;

    f. American Legislative Exchange Council;

    g. Stand Together Foundation;

    h. JM Foundation;

    i. Lynde and Harry Bradley Foundation;

    j. Sarah Scaife Foundation;

    k. Judicial Education Project;

    l. Citizens for Self-Governance;

    m. Foundation for Accountability and Civic Trust;

    n. Convention of States Action;

    o. CSG Action;

    p. Ed Uihlein Family Foundation;

    q. Focus on the Family; and

        r.   Donald J Trump Foundation.

20.     In December 2019 and January 2020, CMD received responses from the IRS indicating that it had received CMD's requests for copies of the Forms 990 for each of the above-referenced organizations. However, the IRS stated in each response letter that "[w]e can't provide you copies of the forms you requested. We don't show any organization with the name or taxpayer identification number you provided." True and correct copies of the IRS's response letters are attached hereto as Exhibit A.

21.     CMD received this response for each of the 18 tax-exempt organizations referenced above, despite the fact that each of these organizations can be found in the IRS's own database of tax-exempt organizations with the Employer Identification Number used in CMD's request.

22.     CMD contacted the IRS Media Relations department at the number provided in the letters for further clarification as to why the IRS was claiming not to have any records of these well-known organizations that are listed in the IRS's own database. The IRS refused to provide any further explanation.

23.     Thereafter, on January 22, 2020, CMD submitted a FOIA request to the IRS seeking copies of the same 2018 Form 990 series returns for each of these 18 NPOs, which the IRS had refused to produce in response to CMD's submission of Form 4506-A. A true and correct copy of CMD's FOIA request is attached hereto as Exhibit B.

24.     In its FOIA request, CMD indicated that it was willing to pay fees up to a maximum of $20.

25.     On January 31, 2020, the IRS sent a letter confirming that CMD's FOIA request was received on January 22, 2020. In it, the IRS stated that records requests that can be processed in accordance with routine, established agency procedures are excluded from disclosure in response to a written FOIA request. Pursuant to 26 U.S.C.A. § 6104, the IRS directed CMD to request the 2018 Form 990 series returns for the above-referenced NPOs using IRS Form 4506-A. A true and correct copy of the IRS's letter is attached hereto as Exhibit C.

26. As explained above, CMD had already attempted to use this process prior to submitting their FOIA request, but the IRS refused to produce any responsive records. Furthermore, CMD is continuing to receive rejections to requests for Forms 990 using IRS Form 4506-A for other known NPOs.

27. The IRS's FOIA response letter also directed CMD to the Tax-Exempt Organization search tool on the IRS website, where it indicated that as of the date of its letter, 2018 Form 990 series returns were available for four of the 18 requested NPOs: JM Foundation; Lynde and Harry Bradley Foundation; Sarah Scaife Foundation; and Ed Uihlein Family Foundation.  This directly contradicts the IRS's prior representations in response to CMD's Form 4506-A submissions, in which the IRS falsely stated that it could not provide the requested Forms 990 for these organizations because "[w]e don't show any organization with the name or taxpayer identification number you provided."

28. As of the filing on this Complaint, 2018 Form 990 series returns for an additional three of the 18 requested NPOs were also available through the Tax-Exempt Organization search tool on the IRS website: Searle Freedom Trust (dated Nov. 13, 2019); Mercer Family Foundation (dated Nov. 10, 2019); and the American Legislative Exchange Council (dated Nov. 7, 2019).

29. CMD contacted the FOIA Public Liaison identified in the FOIA response letter to explain that it had already attempted to obtain these Forms 990 by submission of Form 4506-A, and provided a copy of the letter it had received from the IRS falsely claiming that the organizations in question did not exist.  The FOIA Public Liaison could not explain why CMD received these letters from the IRS and indicated that CMD should file a lawsuit to obtain the documents.

*CMD Has Exhausted Its Administrative Remedies*

30. On March 13, 2020, CMD sent a letter via FedEx to the IRS appealing the IRS's response and determination under the FOIA.  In accordance with the IRS's FOIA guidelines for administrative appeal procedures and Treasury Regulation 26 C.F.R. 601.702(c)(10), the envelope containing the letter of appeal was marked with the words "Freedom of Information

Act Appeal" in the lower left hand corner, and the letter identified the FOIA request number F20023-0004 being appealed and included CMD's name and address. A true and correct copy of CMD's March 13, 2020 FOIA appeal letter is attached hereto as Exhibit D.

31. CMD's appeal was delivered to and, upon information and belief, received by the IRS on March 17, 2020. "J Coleman" signed for the delivery. A true and correct copy of the proof of delivery is attached as Exhibit E.

32. CMD was not notified of an initial determination by the IRS within 20 business days of receipt of CMD's appeal, as required by 26 C.F.R. § 601.702(c)(9)(ii) and 5 U.S.C. § 552(a)(6)(A)(ii), and has not received any communication from the IRS regarding CMD's appeal as of the date of the filing of this Complaint.

33. CMD has therefore exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CAUSE OF ACTION

### (APA Violation)

34. CMD realleges the allegations contained in paragraphs 1 through 33 above, inclusive.

35. In December 2019, CMD used IRS Form 4506-A to request from the IRS copies of the 2018 Form 990 series returns for 18 well-known and well-established NPOs.

36. In response to CMD's request, the IRS declined to provide copies of the requested Forms 990 because "[w]e don't show any organization with the name or taxpayer identification number you provided."

37. Contrary to the IRS's representation that it could not identify any NPOs with the name or taxpayer identification numbers provided, each of the NPOs for which CMD requested Forms 990 can be found in the IRS's own database of tax-exempt organizations with the Employer Identification Number used in CMD's request.

38. Moreover, the IRS's response to CMD's subsequent FOIA request states that, for at least four of these organizations, the Forms 990 have been posted by the IRS *to its own*

*website* – making clear that its representation to CMD that these organizations do not exist is patently, and knowingly, false.

39. The IRS's determination that it could not provide the requested Forms 990, which the IRS makes routinely available, on the grounds that it could not identify any organizations with the name or taxpayer identification number provided is therefore arbitrary and capricious and inconsistent with law in violation 5 U.S.C. § 706(2)(A).

40. Further, Section 552(a)(3)(A) of FOIA requires federal agencies, including the IRS, to release all non-exempt agency records responsive to a request for production, including IRS Forms 990. IRS Forms 990 are agency records subject to FOIA.

41. Section 552(a)(3)(A) further requires that the Forms 990 requested by CMD be made "promptly available." Yet, rather than provide the requested records, the IRS directed CMD to use Form 4506-A to obtain the records sought.

42. Aside from the fact that CMD had already attempted to use this process prior to submitting their FOIA request, and the IRS declined to produce any responsive records, the notion that CMD's FOIA request is superseded by the IRS's statutory scheme governing disclosure of Forms 990 is not in accordance with the law. *See Public.Resource.Org v. United States Internal Revenue Serv.*, 50 F. Supp. 3d 1212, 1216-17 (N.D. Cal. 2014) ("Absent express language or a procedural scheme ostensibly displacing FOIA procedures, section 6104 [which provides that Forms 990 should generally be made available for disclosure] cannot be held to supersede FOIA.").

43. The IRS's determination that CMD's FOIA records request could be processed in accordance with routine, established agency procedures and are therefore excluded from disclosure in response to a written FOIA request is thus arbitrary, capricious, and not in accordance with law.

44. Declaratory relief is authorized by the APA under 5 U.S.C. § 703, and by 28 U.S.C. §§ 2201 and 2202, because an actual controversy exists regarding whether records requests that can be processed in accordance with routine, established agency procedures are

excluded from disclosure in response to a written FOIA request. CMD contends that the FOIA is not superseded by the agency's statutory scheme governing disclosure of Forms 990, and the IRS contends otherwise.

45. Injunctive relief is authorized by the APA under 5 U.S.C. § 703, and by 28 U.S.C. § 2202 and Federal Rule of Civil Procedure 65, to compel the IRS to faithfully apply the law and produce Forms 990 for the 18 NPOs identified in CMD's FOIA request.

## SECOND CAUSE OF ACTION

### (FOIA Violation)

46. CMD realleges the allegations contained in paragraphs 1 through 45 above, inclusive.

47. The FOIA, 5 U.S.C. § 552(a)(3)(A), requires that a federal agency "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."

48. On January 22, 2020, CMD submitted a FOIA request seeking copies of the 2018 Form 990 series returns, including all related attachments, for 18 NPOs.

49. The IRS confirmed its receipt of CMD's request on January 31, 2020.

50. The IRS refused to produce the requested Forms 990 because it stated that records requests that can be processed in accordance with routine, established agency procedures are excluded from disclosure in response to a written FOIA request. Pursuant to 26 U.S.C.A. § 6104, the IRS directed CMD to request the 2018 Form 990 series returns for the 18 NPOs using IRS Form 4506-A. The letter also pointed CMD to the Tax-Exempt Organization search tool on the IRS website, where it indicated that, as of the date of its letter, 2018 Form 990 series returns were available for four of the 18 requested organizations.

51. The IRS's position that it is absolved from responding to CMD's FOIA request by directing CMD to use Form 4506-A, or the agency's Tax-Exempt Organization search tool on its website, to obtain the requested records is not supported by the law. *See Public.Resource.Org*,

50 F. Supp. 3d at 1216-17 ("Absent express language or a procedural scheme ostensibly displacing FOIA procedures, section 6104 [which provides that Forms 990 should generally be made available for disclosure] cannot be held to supersede FOIA.").

52. The IRS's failure to make promptly available the records sought by CMD's FOIA request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

53. CMD has exhausted its administrative remedies with respect to its request for records from the IRS because the IRS failed to make a determination with respect to CMD's appeal within twenty days after its receipt of CMD's appeal on March 17, 2020. *See* 5 U.S.C. § 552(a)(6)(A)(ii) and (a)(6)(C)(i).

54. Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual controversy exists regarding the IRS's refusal to produce the Forms 990 requested by CMD, which CMD contends is a violation of the FOIA, and the IRS contends otherwise.

55. Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) to enjoin the IRS from improperly withholding agency records, and to order the production of any records improperly withheld.

## PRAYER FOR RELIEF

WHEREFORE, CMD requests that judgment be entered in its favor against the IRS and that the Court:

a. Declare under the APA that the IRS's refusal to produce Form 990 records for the 18 NPOs in response to CMD's Form 4506-A requests was arbitrary, capricious, and not in accordance with the law or established agency procedures;

b. Declare under the APA that the IRS's position that records requests that can be processed in accordance with routine, established agency procedures are excluded from disclosure in response to a written FOIA request is arbitrary, capricious, and not in accordance with the law;

  c. Permanently enjoin the IRS from refusing to produce Form 990 records in response to a valid Form 4506-A submission;

  d. Permanently enjoin the IRS from refusing to produce Form 990 records in response to future FOIA requests;

  e. Declare under FOIA that the IRS's failure and refusal to produce the requested Form 990 records sought by CMD violates the FOIA;

  f. Enjoin the IRS from improperly withholding the Form 990 records for the 18 NPOs that CMD requested through its FOIA request, and order the IRS to immediately produce these records and waive any associated fees;

  g. Award CMD its reasonable attorney's fees and costs; and

  h. Grant such other relief as the Court may deem just and proper.

Dated: April 17, 2020.

            Respectfully submitted,

            CENTER FOR MEDIA AND DEMOCRACY

            By their attorneys,

             /s/ Courtney T. DeThomas
            Courtney T. DeThomas (DC Bar No. 888304075)
            DAVIS WRIGHT TREMAINE LLP
            1919 Pennsylvania Ave. NW, Suite 800
            Washington D.C. 20006
            202-973-4200
            courtneydethomas@dwt.com